KLEVANSKY PIPER, LLP
A Limited Liability Law Partnership

SIMON KLEVANSKY         3217-0
ALIKA L. PIPER           6949-0
ELAINE T. CHOW          10377-0
841 Bishop Street, Suite 1707
Honolulu, Hawaii 96813
Telephone:  (808) 536-0200
Facsimile:   (808) 237-5758
E-Mail: sklevansky@kplawhawaii.com
        apiper@kplawhawaii.com
        echow@kplawhawaii.com

Attorneys for Trustee ELIZABETH A. KANE

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>HAWAII ISLAND AIR, INC.,<br><br>Debtor. | Case No. 17-01078<br>(Chapter 7)<br><br>TRUSTEE'S MOTION FOR ORDER AUTHORIZING SALE OF PROPERTY OF THE ESTATE (OPERATING CERTIFICATE AND CERTAIN OTHER ASSETS), FREE AND CLEAR OF CLAIMS AND INTERESTS PURSUANT TO BANKRUPTCY CODE SECTION 363(F) AND OTHERWISE GRANTING RELIEF; DECLARATION OF SIMON KLEVANSKY; DECLARATION OF ELIZABETH A. KANE |

102931_2.docx

# TRUSTEE'S MOTION FOR ORDER AUTHORIZING SALE OF PROPERTY OF THE ESTATE (OPERATING CERTIFICATE AND CERTAIN OTHER ASSETS), FREE AND CLEAR OF CLAIMS AND INTERESTS PURSUANT TO BANKRUPTCY CODE SECTION 363(F) AND OTHERWISE GRANTING RELIEF

Trustee ELIZABETH A. KANE (the "Trustee") the duly appointed trustee of the estate of HAWAII ISLAND AIR, INC. (the "Debtor"), hereby moves the Court for an order approving the sale of the Debtor's Operating Certificate and certain Other Assets, as those terms are defined below, to Hawaiian Holdings, Inc. or its designee ("HHI"), free and clear of claims and interests, pursuant to Bankruptcy Code section 363(f), and otherwise granting relief. The tentative terms of the sale are set forth in Term Sheet (the "Term Sheet"), a draft of which the Trustee wishes to submit to the Court *in camera* review.[1]

The Trustee further requests authority to allow other interested parties to overbid for the Operating Certificate and Other Assets, on the same terms and conditions as shall be set forth in the APA.

The Trustee further requests that the Court determine that the Operating Certificate and the Other Assets shall be purchased in good faith within the meaning of Bankruptcy Code Section 363(m).

---

[1] The parties are in the process of finalizing a Stock and Asset Purchase Agreement ("APA"), which includes the provisions set forth herein and in the Term Sheet. The Trustee anticipates filing a supplement to this Motion, which attaches a copy of the APA (the "Supplemental Filing"), within the next few days.

102931_2.docx                - 2 -

U.S. Bankruptcy Court - Hawaii   #17-01078   Dkt # 222   Filed 12/19/17   Page 2 of 14

This motion is made on the following grounds:

## I. BACKGROUND

1. On October 16, 2017, the Debtor filed a voluntary petition commencing a Chapter 11 bankruptcy case.

2. On November 11, 2017, the Debtor shut down operations.

3. On November 12, 2017, the Debtor filed a motion to convert the case to a Chapter 7 proceeding.

4. By order entered on November 15, 2017, the case was converted to a Chapter 7 proceeding, and the Trustee was duly appointed as bankruptcy trustee of the estate.

5. PaCap Aviation Finance, LLC and CarbonView Limited, LLC (collectively the "Owners") have asserted security interests in the assets of the Debtor.

6. The Trustee was unable to obtain a commitment from the Owners to (1) pay out of alleged collateral for more than a small fraction of the administrative expenses in the Chapter 7 case, (2) provide any funds for Chapter 11 administrative expenses (including specifically the unpaid wages and benefits for the approximately 400 employees discharged on one days' notice), or (3) pay for distribution to unsecured creditors.

7. With no money in the Chapter 7 estate and no assistance from the Owners, the Trustee filed a motion to dismiss the case. At the preliminary hearing on December 7, 2017, the Trustee's counsel reported the Trustee was seeking to sell the Debtor's Operating Certificate, which is not encumbered by the Owners' alleged lien, and if the Trustee could find a potential buyer and negotiate the preliminary terms of a sale before the final hearing on the motion to dismiss, the Trustee may seek to withdraw or continue the motion to dismiss.

8. Subject to Court approval, the Trustee has negotiated the terms of a possible sale of the Operating Certificate and Other Assets to HHI, pursuant to the terms to be set forth in an APA, subject to an overbidding procedure as described below. The sales are additionally subject to regulatory approval, and to inspection of the assets and approval as applicable.

## II. PROPOSED APPROVAL PROCEDURE/OVERBIDDING

9. The Trustee contemplates presenting the proposed sale to the Court for preliminary approval on December 19, 2017, or as soon thereafter as the Court may hear the matter.

10. The Trustee will ask for a hearing on final approval of the proposed sale of the Operating Certificate and Other Assets, during the first week of January 2018 ("Final Hearing").

102931_2.docx - 4 -

U.S. Bankruptcy Court - Hawaii   #17-01078   Dkt # 222   Filed 12/19/17   Page 4 of 14

11. The Trustee further requests authority to allow other interested parties to overbid for the Operating Certificate and the Other Assets at the Final Hearing, on the terms and conditions as provided for in the APA. The proposed overbidding procedure shall be disclosed in the Supplemental Filing. The Trustee requests authority to sell the Operating Certificate and Other Assets to the highest bidder.

## III. PRINCIPAL TERMS OF SALE OF OPERATING CERTIFICATE

The following are the principal terms of the proposed sale of the Operating Certificate:

1. **Sale of Operating Certificate**. The Trustee shall sell, assign, convey, and transfer to HHI all of the estate's interests in the Operating Certificate which shall include:

- All Federal Aviation Administration ("**FAA**") and U. S. Department of Transportation ("**DOT**") permits, licenses, registrations, certificates, qualifications, authorizations or approvals required to operate an air carrier,

- The Debtor's FAA Air Carrier Operating Certificate # KPVA074A,

- The Debtor's Certificate of Public Convenience and Necessity issued in DOT Order 2006-6-9 (issued June 7, 2006) as it may have been amended from time to time, and

U.S. Bankruptcy Court - Hawaii   #17-01078   Dkt # 222   Filed 12/19/17   Page 5 of 14

- All of the Debtor's manuals, operating specifications, maintenance program, training materials and records related to its operations.

The Operating Certificates shall not include the training records of the Debtor's former pilots to which the pilots may be entitled.

**2. Purchase Price of Operating Certificate.** The purchase price (the "Operating Certificate Purchase Price") for the Operating Certificate shall be $450,000, together with certain other value and benefits under the agreement (including without limitation cash advances which would be immediately available to pay Chapter 7 administrative expenses).

**3. Effectuation of Purchase of Operating Certificate.** The "purchase" of the Operating Certificate shall be effected by conversion of this bankruptcy case from Chapter 7 to Chapter 11, and the proposal and approval of a Plan of Reorganization, pursuant to which HHI shall be issued new stock as the sole shareholder of the reorganized Debtor.

## IV. PRINCIPAL TERMS OF SALE OF "OTHER ASSETS"

The following are the principal terms of the proposed sale of the "Other Assets":

**1. Sale of Other Assets.** The Trustee shall sell, assign, convey, and transfer to HHI all of the estate's interests in the Other Assets, which shall include:

- Ground Service Equipment ("**GSE**")

- ATR Rotables

- Intellectual property, including patents, copyrights, trademarks, trade secrets, trade names, service marks, domain names, social media accounts and user names, and websites ("**Intellectual Property**")

- Customer lists, mailing lists, other compilations, and frequent flier information ("**Frequent Flier List**")

- Training Manuals, Tools and Equipment not otherwise included in (1) above

- Furniture, fixtures, and office equipment, generally usable, provided that HHI will be responsible for any repairs to the Debtor's rented premises in the event removal of such assets requires such repairs

- Collectibles

The GSE, ATR Rotables, Intellectual Property, and Frequent Flier List are set forth on schedules attached to the APA.

The Other Assets shall not be deemed to include assets in which Elix Aviation Capital, Ltd., Xced Aviation Services, LLC, Bombardier, Inc. or Learjet Inc. has a valid lessor's or secured creditor's interest.

**2.     Purchase Price of Other Assets/Deadline for Payment.**  The purchase price (the "Other Assets Purchase Price") for the Other Assets shall be **$300,000**.

**3.     Application of Other Assets Purchase Price.**  The Other Assets Purchase Price shall be paid to the Trustee free and clear of liens, claims and encumbrances, to be applied first to the administrative expenses expressly incurred in connection with the maintenance and preservation of the Other Assets (e.g., rental charges for space in which the Other Assets are situated), and the balance thereof shall be distributed as follows: (i) 85% of the balance shall be paid to Owners, on account of their alleged secured interests in the Other Assets, and (ii) 15% of the balance shall be paid to the estate.

## V.     AUTHORITY FOR RELIEF

The Court may approve the sale of the Operating Certificate and the Other Assets to HHI, pursuant to Bankruptcy Code Section 363(f), and may determine HHI is a good faith purchaser, pursuant to Bankruptcy Code Section 363(m).

### A.     Sale Pursuant to Bankruptcy Code Section 363(f)

As set forth above and in the accompanying APA, the Trustee requests that the sale of the Operating Certificate and the Other Assets be free and clear of claims and interests, pursuant to Bankruptcy Code Section 363(f).

With respect to the Operating Certificate, there are no known liens, claims or interests against the Operating Certificate and the Owners' alleged lien does not extend to the asset. Accordingly, to the extent a party asserts a claim or interest in the Operating Certificate, such claim or interest is in bona fide dispute, and the Trustee may sell the Operating Certificate free and clear of that interest, pursuant to Bankruptcy Code Section 363(f)(4).

With respect to the Other Assets, the Owners have asserted that they have a security interest in the Other Assets. That claim has not been adjudicated. Moreover, the Owners have failed to demonstrate the advances they alleged they made to the Debtor, and without such proof, their interest in the Other Assets is also in bona fide dispute, and the Other Assets may be sold free and clear of any interests of the Owners, pursuant to Bankruptcy Code Section 363(f)(4).

Additionally, under Bankruptcy Code Section 363(f)(2), a trustee may sell property of the estate free and clear of claims and interests if the entity holding the claim or interest consents. The Trustee's counsel has previously sought the Owners' consent to a division of proceeds of any sale of the Other Assets as set forth herein, and was advised that the Owners are considering the proposed terms. See Declaration of Simon Klevansky, ¶ 4. The Owners may still consent to the terms of the proposed sale prior to the Final Hearing.

At this time, the Court may preliminarily approve the sale of the Operating Certificate and the Other Assets free and clear of claims and interests, pursuant to Bankruptcy Code Section 363(f).

### B. Good Faith Purchaser Determination

The Court may also determine that the Operating Certificate and the Other Assets are being purchased in good faith within the meaning of Bankruptcy Code § 363(m). As set forth in the attached declaration of Elizabeth Kane, the proposed sale was negotiated in an arm's length transaction.

The Trustee believes it is in the best interests of the estate for the Court to approve the sale of the Operating Certificate and the Other Assets as set forth in the APA.

## VI. CONCLUSION

For all the foregoing reasons, the Trustee requests that the Court enter an order authorizing the Trustee to sell the Operating Certificate and the Other Assets, as described herein.

DATED: Honolulu, Hawaii, December 19, 2017

/s/ Simon Klevansky
SIMON KLEVANSKY
ALIKA L. PIPER
ELAINE T. CHOW
Attorneys for Trustee
Elizabeth A. Kane

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>HAWAII ISLAND AIR, INC.,<br><br>　　　　Debtor. | Case No. 17-01078<br>(Chapter 7)<br><br>DECLARATION OF SIMON KLEVANSKY |

## DECLARATION OF SIMON KLEVANSKY

SIMON KLEVANSKY declares, under penalty of perjury, that:

1. I am an attorney for Elizabeth A. Kane (the "Trustee"), the duly appointed bankruptcy trustee of the estate of Hawaii Island Air, Inc. (the "Debtor").

2. I make this Declaration in support of the Trustee's Motion for Order Authorizing Sale of Property of the Estate (Operating Certificate and Certain Other Assets), Free and Clear of Claims and Interests Pursuant to Bankruptcy Code Section 363(f) and Otherwise Granting Relief (the "Motion").

3. In the Motion, the Trustee requests, among other things, that the Court approve a sale of the estate's "Other Assets", as that term is defined in the Motion, free and clear of claims and interests, pursuant to Bankruptcy Code Section 363(f)(2), which allows a trustee to sell property free and clear of interests if the entity holding the interest consents.

102931_2.docx

4. I previously contacted counsel for PaCap Aviation Finance, LLC and CarbonView Limited, LLC (collectively the "Owners") to seek the Owners' consent to a division of proceeds of any sale of the Other Assets as set forth in the Motion.

5. I was advised by counsel for the Owners that the Owners are considering the proposed terms.

I, Simon Klevansky, do declare that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED: Honolulu, Hawaii, December __, 2017.

/s/ Simon Klevansky
SIMON KLEVANSKY

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>HAWAII ISLAND AIR, INC.,<br><br>            Debtor. | Case No. 17-01078<br>(Chapter 7)<br><br>DECLARATION OF ELIZABETH A. KANE |

## DECLARATION OF ELIZABETH A. KANE

ELIZABETH A. KANE declares, under penalty of perjury, that:

1. I am the duly appointed bankruptcy trustee of the estate of Hawaii Island Air, Inc. (the "Debtor").

2. I make this Declaration in support of the Trustee's Motion for Order Authorizing Sale of Property of the Estate (Operating Certificate and Certain Other Assets), Free and Clear of Claims and Interests Pursuant to Bankruptcy Code Section 363(f) and Otherwise Granting Relief (the "Motion").

3. A copy of a Term Sheet for the proposed sale of the Debtor's Operating Certificate and certain Other Assets, as those terms are defined in the Motion, shall be submitted *in camera* with the Motion.

4. The parties are in the process of finalizing a Stock and Asset Purchase Agreement ("APA"), which shall include the terms of the sale as set forth

in the Term Sheet and the Motion. I believe the sale contemplated by the parties, as described in the Motion, is in the best interests of the estate.

5. The terms of the proposed sale were, and continue to be, negotiated in an arm's length transaction. The terms were, and continue to be, negotiated by the parties, through their counsel, without collusion and in good faith.

I, Elizabeth A. Kane, do declare that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED: Honolulu, Hawaii, December 19, 2017.

/s/ Elizabeth A. Kane
ELIZABETH A. KANE